IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                              )<br>)<br>NICHOLAS ORTT              )<br>)<br>         Defendant.         ) | Docket. No. 1:24-cr-224-001<br><br>Hon. Loren L. Alikhan<br>Sentencing: September 23, 2024 |

**DEFENDANT'S POSITION ON SENTENCING**

Nicholas Ortt comes before the Court for sentencing in a case in which he has accepted full responsibility for his actions. On May 23, 2024, Mr. Ortt entered a guilty plea to a single-count Criminal Information charging him with Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1). Mr. Ortt assisted the government in its prosecution of his misconduct, timely notified authorities of his intention to plead guilty, and now stands ready to accept the consequences of his conduct.

Pursuant to 18 U.S.C. § 3553(a), Rule 32 of the Federal Rules of Criminal Procedure, and Section 6A1.3 of the advisory United States Sentencing Guidelines, Mr. Ortt, by and through counsel, states that he has received and reviewed the Presentence Investigation Report ("PSR") prepared in this case. He submits that the guideline calculations in the PSR are accurate with a total base offense of 17 and criminal history category of I with a corresponding advisory guideline range of 24 - 30 months.

I. **Sentencing Recommendation**

Mr. Ortt's involvement and behavior on January 6, 2021, was an aberration fueled by propaganda and disinformation. Since, he has expressed "I realize the error of my ways" and has been remorseful and cooperative with the government. For the reasons stated below, Mr. Ortt respectfully asks that the Court impose a sentence of imprisonment

of 90 days followed by a term of supervised release with 6 months of home confinement (a variance downwards from the sentencing guidelines). Mr. Ortt submits that such a sentence is sufficient but not greater than necessary, to comply with the purposes of sentencing.

II. **Legal Standard**

Among the factors to be considered by the district court in considering the appropriate sentence are as follows: the nature and circumstances of the offense and the history and characteristics of the defendant; the advisory guidelines range; the need to avoid unwarranted sentencing disparities; the need for the sentence to provide just punishment for the offense; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). The Court must weigh each of these factors when determining the appropriate sentence with the lease amount of imprisonment necessary pursuant to the § 3553(a) factors. *Id*.

As another U.S. District Court has recently observed, "[t]he sentencing of defendants in federal court is such a common occurrence that it is important to occasionally pause and remember what is at stake. A human life, designed both by nature and our nation's Constitution to live free and pursue happiness, is taken away from family and familiar surroundings to serve days, months, years, or a lifetime in a prison cell." *United States v. Faison*, No. GJH-19-27, 2020 WL 815699, at *1 (D. Md. Feb. 18, 2020). And, "[f]or him, every day, month and year that was added to the ultimate sentence will matter. The difference . . . between ten and fifteen months may determine whether a son sees his sick parent before that parent passes away; the difference between probation and fifteen days may determine whether the defendant is able to maintain his employment and support his family." *Id*.

This concern exists "whether it is the newly incarcerated individual's first experience with incarceration or just the most recent," because regardless, "he must quickly adapt to the stunning loss of freedom and privacy while struggling to maintain any sense of his personal dignity." *Id*. Thus, "it is crucial that judges give careful consideration to every minute that is added to a defendant's sentence." *Id*.

## APPLICATION OF THE § 3553(a) SENTENCING FACTORS

　　A.　　*Nature and circumstances of the offense.*

On January 6, 2021, Mr. Ortt walked with a crowd onto the Capitol grounds. Mr. Ortt entered the restricted area on the Capitol grounds and made his way to the West Plaza. Once there, Mr. Ortt and others breached a police line consisting of MPD and USCP officers, forcibly pushing past the officers trying to hold the line. While Mr. Ortt was on the front line and one of the first to successfully breach the line, he did not fight with officers nor did he grapple with officers inside the perimeter, as the government would have you believe. Nonetheless, Mr. Ortt did interfere with the officers lawfully engaged in the lawful performance of official duties, in violation of 18 U.S.C. § 111(a)(1).

　　B.　　*History and Characteristics of Nicholas Ortt.*

The PSR accurately and thoroughly captures the history and characteristics of Mr. Ortt. In short Mr. Ortt is a family man who has maintain good relations with his parents, siblings and his own children. He has worked his entire young adult and adult life. His father describes him as "someone who is always trying to help people, who is also sensitive to people in distress, and tries to help as best he can." *See* PSR at ¶ 69.

　　C.　　*The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence.*

3

Mr. Ortt is very cognizant of the consequences of his actions in this matter. He understands that his actions may result in a period of incarceration, and this scares him badly. Any custodial sentence is a significant sentence for someone like Mr. Ortt who has never spent a night in jail.

As the Supreme Court itself has recognized, a term of supervised release is a significant punishment in that it "substantially restrict[s] [an offender's] liberty." Gall v. United States, 552 U.S. 38, 48 (2007). As the Court noted, those on supervised release "may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from their probation officer or the court. They must report regularly . . . permit unannounced visits to their homes . . . refrain from excessive drinking," and abide by other standard and special conditions imposed by the sentencing judge. *Id*. At 48-49.

There is no question that the numerous consequences Mr. Ortt will face, as a result of his convictions, afford more than adequate general deterrence against similar conduct. The myriad of laws, rules and regulations that discriminate against ex-offenders and prevent their reintegration into the community were poignantly described by Judge Fredrick Block of the Eastern District of New York as "a form of civi[l] death' that send[s] the unequivocal message that 'they' are no longer part of 'us.'" *United States v. Nesbeth*, No.15-CR-18 (FB), 2016 WL 3022073, at *1 (E.D.N.Y. May 24, 2016) (quoting *Michelle Alexander, The New Jim Crow142* (2010). The barriers raised by ever-expanding collateral consequences, branding so many millions with the "Mark of Cain" also carry

4

with them new and potent deterrent effect.[1] A felony conviction and its collateral consequences, undoubtedly, demonstrate the seriousness of the offense, provide adequate punishment and promote respect for the law.

Mr. Ortt's criminal history score of zero strongly suggests that he is a low risk of recidivism. Thus, there is a diminished need to protect the public from further crimes by Mr. Ortt.

## **CONCLUSION**

Mr. Ortt respectfully asks that the Court consider all of the sentencing options available. He also asks that the Court not to impose a fine, in light of the restitution he has agreed to pay and his ability to pay.

Respectfully submitted

NICHOLAS ORTT
By Counsel

/s/ Kevin E. Wilson
Kevin E. Wilson / VSB# 80033
2 Wisconsin Circle, Suite 700
Chevy Chase, Maryland 20815
(855) 749-2100
kevin@kevinewilsonlaw.com

---

[1] There are approximately 45,000 laws and rules in U.S. jurisdictions that restrict opportunities and benefits in one way or another based upon a conviction. *Nat'l Inventory of the Collateral Consequences of Convictions*, available at http://www.abacollateralconsequences.org.

## CERTIFICAT OF SERVICE

    I hereby certify that on September 9, 2024, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to counsel(s) of record.

/s/ Kevin E. Wilson
Kevin E. Wilson, Esq.